UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN MANUEL RAMOS RODRIGUEZ A/K/A JULIO ESTRADA LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>ALYN BECK, et al.,<br><br>Defendants. | Case No. 2:17-cv-00498-APG-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 3) |

This matter is before the court on Plaintiff Juan Manuel Ramos Rodriguez's (a/k/a Julio Estrada Lopez) Application to Proceed *In Forma Pauperis* (ECF No. 3). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Rodriguez is a prisoner in custody at the Clark County Detention Center. He is proceeding in this action *pro se*, which means that he is not represented by counsel. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). The district court determines the appropriate amount of an initial partial filing fee based on a formula provided in the statute. *Id*. Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees dated January 1, 2015, the $50 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1

immediately preceding the start of this action. *See* 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. *See* 28 U.S.C. § 1915(b)(2). Rodriguez is therefore advised that even if this action is dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid. A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allow 30 days, "shall be cause for cause for dismissal of the case." LSR 1-3(c).

Here, Mr. Rodriguez has submitted a complaint along with the financial affidavit, financial certificate, and inmate account statement required by 28 U.S.C. § 1915(a)(2) and LSR 1-1 and 1-2. His financial affidavit shows that he is unable to prepay fees and costs or give security for them. Accordingly, the court will grant his request to proceed IFP pursuant to § 1915(a). Rodriguez's average monthly balance is $58.90, and his average monthly deposits are $14.17. Therefore, the court finds that he must pay an initial partial filing fee of $11.78, and he shall have until **May 10, 2017**, to submit his partial filing fee.

Upon receipt of the initial partial filing fee, the court will screen Rodriguez's complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis* complaints").[2] If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "*before* the Court will order service of process").

Accordingly,

**IT IS ORDERED**:

1. Plaintiff Juan Manuel Ramos Rodriguez's Application to Proceed *In Forma Pauperis* (ECF No. 3) is GRANTED. Mr. Rodriguez is permitted to maintain this action to conclusion without prepaying the $350 filing fee or costs or giving other security

---

[2] 28 U.S.C. § 1915A(a) requires district courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."

therefor.  This Order granting IFP status shall not extend to issuance and/or service of subpoenas at government expense.

2. Mr. Rodriguez must pay an initial partial filing fee in the amount of $11.78 toward the full $350 filing fee.  He shall have until **May 10, 2017**, to have the $11.78 initial partial filing fee sent to the Clerk of the Court.

3. The Clerk of the Court shall retain Rodriguez's complaint, but ***SHALL NOT*** issue summons.

4. The Clerk of Court shall MAIL Mr. Rodriguez two copies of this Order.  Rodriguez must make the necessary arrangements to have one copy of this Order attached to a check in the amount of the initial partial filing fee.

5. Beginning the month following Rodriguez's payment of the initial partial filing fee, the Clark County Detention Center ("CCDC") shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent (20%) of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action pursuant to 28 U.S.C. § 1915(b)(2).

    a. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office and the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

    b. If Plaintiff should be transferred into the custody of the Nevada Department of Prisons, the CCDC Accounting Supervisor is directed to send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, and indicate the amount that Plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

6. Upon receipt of the initial partial filing fee, the court will screen Rodriguez's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Even if this action is dismissed, Rodriguez must still pay the full $350 filing fee pursuant to 28 U.S.C. § 1915(b)(2).

7. Mr. Rodriguez's failure to comply with this Order by paying his initial partial filing fee before the **May 10, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 10th day of April, 2017.

                                                                                                      _____
                                                                                                      PEGGY A. LEEN
                                                                                                      UNITED STATES MAGISTRATE JUDGE